UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| | ) CASE NO.: 25-51277-PMB |
| ANDRES JESUS BALSEIRO, | ) |
| | ) CHAPTER 13 |
| DEBTOR. | ) |
| | ) JUDGE PAUL BAISIER |
| ------------------------------------------------- | ) |
| | ) |
| MELISSA J. DAVEY, | ) |
| STANDING CHAPTER 13 TRUSTEE, | ) |
| Movant, | ) |
| | ) |
| v. | ) CONTESTED MATTER |
| | ) |
| ANDRES JESUS BALSEIRO, | ) |
| Respondent. | ) |
| | ) |
| ------------------------------------------------- | ) |

**CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION & MOTION TO DISMISS**

Melissa J. Davey, Chapter 13 Trustee, objects to confirmation of the plan and moves to dismiss this case pursuant to 11 U.S.C. Section 1307(c) for the following reasons:

1. The Debtor has failed to pay the Chapter 13 Plan payments to the Trustee as required by 11 U.S.C. Section 1326.

2. In accordance with General Order Nos. 18-2015, 22-2017, and/or 42-2020 and the Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's monthly self-employment income of $3,125.00 to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

3. The Chapter 13 budget fails to provide for post-petition self-employment tax liability, and Debtor has failed to establish and provide proof of a tax escrow account, indicating that the Plan may not be feasible. 11 U.S.C. Section 1325(a)(6).

4. Pursuant to testimony at the meeting of creditors, the Debtor has not filed all tax returns that have come due in the four (4) years preceding the filing of this case in violation of 11 U.S.C. Section 1308 (a). The Debtor should provide evidence that the tax returns have been filed for 2022 through 2024.

5. The Debtor has failed to provide the Trustee with a copy of the federal income tax return for the most recent tax year ending immediately before the commencement of the instant case in violation of 11 U.S.C. Section 521(e)(2)(A)(i). As the Debtor has failed to submit the last filed tax return to the Trustee prior to the meeting of creditors, the Trustee requires a sworn statement by the Debtor, in addition to the tax return, that the tax return provided is a true copy of the most recent tax return filed.

6. Although Debtor is self-employed, the Chapter 13 budget and schedules do not include an itemization for business expenses, preventing the Trustee from fully evaluating good faith, feasibility, and/or disposable income in violation of 11 U.S.C. Sections 1325(a)(3), 1325(a)(6), 1325(a)(7) and 1325(b).

7. The Chapter 13 Plan appears to be infeasible because the budget in the Schedules fails to include business expenses in the amount of $2,000.00 per month. 11 U.S.C. Section 1325(a)(6).

8. Debtor's Schedules I and/or J fail to accurately reflect Debtor's income. Pursuant to Debtor's testimony, Debtor gross income is about $5,125.00 per month, preventing the Chapter 13 Trustee from determining whether the Plan complies with 11 U.S.C. Sections 1325 (a)(3), (a)(6), and/or 1325(b)(1)(B).

9. The Chapter 13 Plan appears to be infeasible because the monthly net income on Schedule J of $1,045.00 is less than the Chapter 13 Plan payment in the amount of $1,085.00. 11 U.S.C. Section 1325(a)(6).

10. Debtor proposes to fund a debt secured of $12,909.85 secured by a motorcycle, which appears to be a luxury item and does not appear to be reasonable and/or necessary for the Debtor's reorganization. The proposal to pay such debt in a composition plan may indicate a lack of good faith in violation of 11 U.S.C. Sections 1325(a)(3) and (a)(7).

11. The Chapter 13 Plan is not feasible and the Trustee cannot administer the Plan, as the sum of monthly payments to creditors and/or attorneys' fees is greater than the monthly plan payment. 11 U.S.C. Section 1325(a)(6).

12. Section 3.6 of the proposed Chapter 13 plan either (1) fails to provide an interest rate to be applied to any allowed secured claims not treated specifically under the

plan, preventing the Trustee from properly administering the plan, or (2) improperly crams down the interest rate to less than the current national prime interest rate. 11 U.S.C. Section 1325(a)(5)(B). See *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).

13.    The Trustee objects to the proposed Chapter 13 composition Plan, which fails to provide for payment of Debtor's 2024 through 2026 federal income tax refunds to creditors during the applicable commitment period in possible violation of 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

14.    The Chapter 13 Trustee requests four consecutive months of cash flow reports and supporting bank statements in order to determine whether the Chapter 13 Plan complies with 11 U.S.C. Sections 1325(a)(3), (a)(4), (a)(6) and/or (b)(1)(B).

Wherefore, the Trustee moves this Honorable Court to consider the above objections at the confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case pursuant to 11 U.S.C. Section 1307(c), and for such other and further relief that this Court deems just and proper.

Dated:  March 07, 2025

/s/Mandy K. Campbell
Mandy K. Campbell
Attorney for the Chapter 13 Trustee
GA Bar No. 142676
233 Peachtree Street, NE, Suite 2250
Atlanta, GA 30303
Telephone:    (678) 510-1444
Facsimile:  (678) 510-1450
mail@13trusteeatlanta.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 25-51277-PMB |
| | ) | |
| ANDRES JESUS BALSEIRO, | ) | CHAPTER 13 |
| | ) | |
| DEBTOR. | ) | JUDGE PAUL BAISIER |
| | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection to Confirmation & Motion to Dismiss using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**
J. M. HELLER, ATTORNEY AT LAW, P.C.

I further certify that on this day I caused a copy of this document to be served via first class mail, with adequate postage prepaid on the following parties set forth below at the address shown for each.

DEBTOR:
ANDRES JESUS BALSEIRO
413 SWEETGUM DRIVE
WOODSTOCK, GA  30188

Dated: March 07, 2025

/s/Mandy K. Campbell
Mandy K. Campbell
Attorney for the Chapter 13 Trustee
GA Bar No. 142676
  233 Peachtree Street, NE, Suite 2250
Atlanta, GA 30303
Telephone:    (678) 510-1444
Facsimile:  (678) 510-1450
mail@13trusteeatlanta.com